# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8478 | **DATE** | 4/16/2013 |
| **CASE TITLE** | Bill D. Jackson vs. Illinois Secretary of State Jesse White, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court grants defendants' motion to dismiss [13] and terminates this case.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

The Illinois Administrative Code requires the Secretary of State to "deny, cancel, suspend or revoke" a driver training instructor's license issued to "any person who is currently an administrator and/or in a State-approved high school driver education program." 92 Ill. Admin. Code § 1060.120(a)(17). On July 9, 2009, defendant Illinois Secretary of State Jesse White cancelled plaintiff's driver training instructor's license and the license for his driver training business, alleging that plaintiff had violated that provision. The cancellations were subsequently upheld in an administrative hearing held before defendant Steve Fister[1], at which defendants DeCarlo Turner and Thomas Wekony testified, and on plaintiff's appeal to the circuit court. The state appellate court, however, sided with plaintiff, and on September 24, 2012, ordered White to reinstate the licenses. Plaintiff, proceeding *pro se*, has now filed suit against defendants under 42 U.S.C. § 1983 seeking damages for the allegedly unconstitutional cancellation of his licenses.

In his response brief, plaintiff states that he sues defendant White only in his official capacity as Illinois' Secretary of State. (*See* Pl.'s Resp. Mot. Dismiss at 4-5.) Official capacity claims against government officials and employees are, in essence, claims against the government entity that employs them. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). For White and the other defendants in this suit, that entity is the state of Illinois, which cannot be sued for damages under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, the Court dismisses plaintiff's claim against White, and any official capacity claim he may be asserting against the three other defendants.

That leaves the § 1983 claims against Turner, Wekony and Fister, which they contend are barred by res judicata. That doctrine bars parties from relitigating claims that were or could have been raised in a prior suit, and applies here if the federal and state suits involve the same parties and claims and the state court rendered a final judgment on the merits of the claims. *Arlin-Golf v. Vill. of Arlington Heights*, 631 F.3d 818, 821-22 (7th Cir. 2011); *see* 28 U.S.C. § 1738 (requiring a federal court to give a state court judgment the same effect it would

| STATEMENT |
|---|

be given by the state that rendered it).

The state court's opinion shows, however, that it did not render a judgment on the merits of plaintiff's constitutional claims:

> On appeal, plaintiff raises a number of challenges to the proceedings below, both with respect to the underlying administrative process and the proceedings in the circuit court. These include assertions of improper procedural practices and evidentiary findings, *due process violations*, and a contention that the cancellations of the two licenses at issue were improper on the merits. We need not address all of plaintiff's arguments, however, as we agree with his . . . argument [that the cancellations were improper under state law].

(Compl., Ex. A, *Jackson v. Ill. Sec. of State*, No. 1-11-3254 at 9 (Ill. App. Ct. Sept. 24, 2012)) (emphasis added). Thus, plaintiff is not precluded from raising his constitutional claims here.

Alternatively, Fister, the administrative hearing officer, argues that he has judicial immunity from plaintiff's claims. "Absolute judicial immunity shields judicial and quasi-judicial actors from liability for civil damages arising out of the performance of their judicial functions." *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004). Moreover, a judge only loses this immunity if he "act[s] in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation omitted).

Plaintiff contends that is the case here because, by requiring that hearings be held only for license suspensions and revocations, the Code implicitly prohibits hearing officers from resolving disputes over cancellations. *See* 92 Ill. Admin. Code 1060.170(b) ("Prior to the suspension or revocation of the license or accreditation of a commercial driver training school or commercial driver training school instructor, the Department will conduct a hearing in accordance with 92 Ill. Adm. Code 1001 Subpart A and Section 2-118 of the Illinois Vehicle Code . . . , wherein the Department will present competent evidence to establish violations of any regulations or laws governing commercial driver training schools and/or instructors and seek the appropriate sanctions . . . ."). This contention, however, ignores section 1060.20(a)(5), which gives hearing officers the power to preside over cancellation hearings. *See id.* ("An individual whose commercial driver training school license has been denied, cancelled, suspended or revoked pursuant to this Part may request an administrative hearing pursuant to 92 Ill. Adm. Code 1001."). Because Fister was acting within his jurisdiction as a quasi-judicial official when he adjudicated plaintiff's license dispute, he is absolutely immune from suit.

That leaves defendants Turner and Wekony, who testified in support of the cancellations at the administrative proceeding. (*See* Compl., Ex. A, *Jackson v. Ill. Sec. of State*, No. 1-11-3254 at 3-5 (Ill. App. Ct. Sept. 24, 2012).) Like the judges who preside over them, witnesses who testify in adversarial proceedings are immune from § 1983 claims. *See Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983) (stating that the principles underlying absolute immunity for judges and prosecutors "also apply to witnesses, who perform a somewhat different function in the trial process but whose participation in bringing the litigation to a . . . conclusion is equally indispensable"); *Bilal v. Wolf*, No. 06 C 6978, 2009 WL 1871676, at *7 (N.D. Ill. June 25, 2009) (collecting cases in which "witness immunity has . . . been held applicable to testimony under oath in administrative proceedings"). Thus, Turner and Wekony are also immune from plaintiff's claims.

1. This defendant is incorrectly sued as Steve Fisher.